**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
REYNA RODRIGUEZ,

                              Plaintiff,

                  -against-

KILOLO KIJAKAZI, *Acting Commissioner of
the Social Security Administration*,

                          Defendant.
------------------------------------------------------------------X

                             **ORDER**

               **22-cv-5135 (CM) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On December 6, 2022, this matter was remanded to the Commissioner of Social Security. Dkt. No. 14. On December 15, 2022, the Court approved a stipulation and order for the allowance of Plaintiff's counsel's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 17. Plaintiff's counsel was awarded $3,500.00. Id. On August 29, 2023, Plaintiff's counsel ("Petitioner") filed the subject motion for attorney's fees pursuant to 42 U.S.C. § 406(b), Dkt. No. 18 ("Motion" or "Mot."), along with a supporting memorandum of law, Dkt. No. 20 ("Memo"), and an affidavit of Petitioner. Dkt. No. 19 ("Affidavit"). Counsel for the Commissioner filed a response on September 1, 2023. Dkt. No. 21 ("Response").

**BACKGROUND**

A. **Plaintiff's Motion for Attorney's Fees.**

Petitioner filed the subject motion for an award of attorney's fees based on the retainer agreement between Plaintiff and Petitioner. Affidavit at 1. That arrangement stated that the Plaintiff would "pay 25% of the past due benefits as an

attorney fee" if the litigation was successful.  <u>Id</u>., Exhibit 1.  The agreement further stated, "at no time will the total of fees petitioned for by other attorneys and [the Petitioner] exceed 25% of the [Plaintiff's] retroactive benefits." <u>Id</u>.  The Commissioner usually withholds 25% of past due benefits, and here withheld $22,581.48. <u>Id</u>., Exhibit 2, at 3.  Petitioner affirms that administrative counsel who also represented Plaintiff advised that they will petition for a fee of $15,000.00. <u>Id</u>. at 2.  Therefore, Petitioner seeks a fee of $7,581.14. <u>Id</u>.  Petitioner affirms that 18.3 hours were spent in their representation of Plaintiff. <u>Id</u>.  The effective hourly attorney rate is $414.27. <u>Id</u>.

## B. <u>The Commissioner's Response.</u>

The Commissioner states that in § 406(b) matters, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." Response at 1 (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner does not have an independent stake in the §406(b) question. <u>Id</u>.  The Commissioner addressed three points in their brief.

First, regarding reasonableness, the Commissioner deferred to the Court in determining whether the requested fee is reasonable.  Response at 2.  The Commissioner identified a number of factors relevant to the district court's reasonableness inquiry: "the character of the representation and the results achieved, whether the attorney was responsible for any delay, the ability and expertise of the lawyers and whether they are particularly efficient, the nature and length of the professional relationship, the satisfaction of the disabled claimant, and the

uncertainty of the favorable result and the effort required to achieve that result." Id. (citing Fields v. Kijakazi, 24 F.4th 845, 853-56 (2d Cir. 2022)).  The Commissioner further noted that the attorney's fee award may not exceed 25% of Plaintiff's past due benefits and asked that the Court decline to direct Commissioner to "pay" the award as the fees are paid out of Plaintiff's past due benefits.  Id.

Next, the Commissioner explained that the fee authorization by the Court is separate and distinct from the Commissioner's withholding.  Response at 3.  The Commissioner noted that authorized fee awards are paid out in the order received from a single pool of funds.  Id.  Further, the Commissioner stated that fees "are the plaintiff's debt and not the government's" so, if the benefits withheld by the Commissioner are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant" to recover the difference.  Id. (quoting Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 71 (2d Cir. 2016) and Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008)).

Finally, the Commissioner confirmed that Petitioner could receive an award of fees under both the EAJA and § 406(b).  Response at 4.  When a plaintiff's counsel receives fees under both of those routes, counsel must refund claimant the amount of the smaller fee.  Id. (citing Gisbrecht, 535 U.S. at 796).

## DISCUSSION

The two issues before the Court are the determination of whether the § 406(b) motion was timely, as well as whether the requested fees are reasonable.

**A.  <u>Timeliness.</u>**

Section 406(b) applications are subject to Federal Rule of Civil Procedure 54(d)(2)(B), which states that a claim for attorney's fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i); <u>see also</u> <u>Sinkler</u>, 932 F.3d 83, 87-88 ("[W]e conclude . . . that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions.").  Here, Petitioner attests that the award notice was dated August 14, 2023, and Petitioner filed the request for fees on August 29, 2023.  Affidavit at 1-2.  While the Motion was filed fifteen days after the date on the Notice, the three-day grace period allowed for mailing makes the Motion timely.

**B.  <u>Reasonableness of the Fees Sought.</u>**

Petitioner seeks $7,581.14 for 18.3 hours of work, which results in an hourly rate of $414.27.  Memo at 2.  The Second Circuit has recently identified four factors to be considered when determining whether there has been a windfall:

(1) "[T]he ability and expertise of the lawyers and whether they were particularly efficient." <u>Fields v. Kijakazi</u>, 24 F.4th 845, 854 (2d Cir. 2022);

(2) "[T]he nature and length of the professional relationship with the claimant." <u>Id</u>. at 855;

(3) "[T]he satisfaction of the disabled claimant." <u>Id</u>.; and,

(4) "[H]ow uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." <u>Id</u>.

In <u>Fields</u>, the Second Circuit found that a *de facto* hourly rate of $1,556.98 was not an impermissible windfall.  As part of its analysis, the Second Circuit noted that the

"district court's conclusion that the requested fee was unreasonable rested entirely on its finding of a windfall.   Indeed, the court acknowledged that all other considerations supported the reasonableness of [Petitioner's] request." <u>Fields</u>, 24 F. 4th at 856.

Here, the Court finds that Petitioner was efficient in resolving this matter with 18.3 hours of billed work.   The Petitioner represented Plaintiff over the course of approximately six months until the appeal was remanded.   The Plaintiff, having won their benefits upon remand, is presumed satisfied.   Finally, this matter included as much uncertainty as the average appeal of a denial of benefits.

A finding of unreasonableness here would rest entirely on the finding of a windfall, and the fee is in line with other awards in this district.   As such, the Motion is GRANTED.   Petitioner is awarded $7,581.14.   Petitioner is directed to reimburse Plaintiff any fees he previously received under the EAJA.   The Clerk of Court is respectfully requested to terminate the Motion at Dkt. No. 18.

SO ORDERED.

DATED:     New York, New York
           September 6, 2023

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge